# United States Court of Appeals
# for the Federal Circuit

---

**CHRIS BELL, BRIAN BONIFANT, ARLYN BRUNET, PHILLIP CETRONE, ANDRE CLARK, MICHAEL COLE, MELITON CORDERO, TERRY DAVIS, WENDY DAVIS, CARMEN DESHEPLO, CHRISTOPHER M. DIAZ, KERMIT DIAZ, DAVID FLORES, ERIC FRIEDMAN, JESUS GAMEZ, GEORGE GRECO, BRENDAN HANDRATTY, GABRIEL HILL, GEORGE HORTON, PHILIP JONES, DAVE JOSEPH, DARREN KAWCZYK, ROBERT KENNEDY, MATTHEW KRUSE, GREGORY KRYWY, MICHAEL MIRANDA, SAMARL PARKS, FRANCISCO PEREZ, DAVID PINA, LAILA RICO, MICHAEL SERRA, JOSEPH SHEPHERD, MICHAEL SILVEIRA, JASON STAAB-PETERS, CHANELLE WALLACE, JOHN WALTERS, CHRIS YORK,**

*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2021-1678

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00830-LKG, Judge Lydia Kay Griggsby.

---

Decided:  December 10, 2021

———————————

LAWRENCE BERGER, Mahon & Berger, Esqs., Glen Cove, NY, argued for plaintiffs-appellants.

MILES KARSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR.

———————————

Before MOORE, *Chief Judge*, SCHALL and STOLL, *Circuit Judges*.

MOORE, *Chief Judge*.

Appellants appeal a United States Court of Federal Claims order dismissing their relocation-incentive-bonus claim for lack of subject-matter jurisdiction.  *Bell v. United States*, 145 Fed. Cl. 378, 387 (2019).[1]  For the following reasons, we affirm.

I

Appellants are former and current Drug Enforcement Agency (DEA) employees who were relocated to Puerto Rico or the U.S. Virgin Islands at the DEA's request for two to five years.  Each Appellant received a one-time relocation incentive bonus pursuant to 5 U.S.C. § 5753(b), which provides that "[t]he Office of Personnel Management may authorize the head of an agency to pay a [relocation incentive] bonus" to an individual who relocates to accept a position.

---

[1]    Appellants do not appeal the Claims Court's resolution of their other claims.

Each bonus was equivalent to 25% of each Appellant's yearly salary.

Appellants brought suit against the government, alleging they are entitled to a relocation incentive bonus for each year of their relocation, rather than the one-time bonus they received. The Claims Court dismissed that claim, holding it was not based on a statute or regulations that are money mandating. *Bell*, 145 Fed. Cl. at 387. Appellants appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

To establish Claims Court jurisdiction under the Tucker Act, a plaintiff must identify a money-mandating statute or agency regulation, *see* 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc), or a combination of statute, regulation, and agency policy, *Roberts v. United States*, 745 F.3d 1158, 1166 (Fed. Cir. 2014). When a provision uses discretionary language, "a very strong, but rebuttable, presumption arises that the . . . provision is non-money-mandating." *Contreras v. United States*, 64 Fed. Cl. 583, 593 (2005); *see also McBryde v. United States*, 299 F.3d 1357, 1362 (Fed. Cir. 2002) ("We may thus presume that . . . the word 'may' . . . conveys some degree of discretion. But we must proceed to test that presumption against . . . other inferences that we may rationally draw . . . ."). This presumption can be overcome through "obvious inferences from the structure and purpose" of the provision that monetary relief is required. *United States v. Rodgers*, 461 U.S. 677, 706 (1983); *see also Contreras*, 64 Fed. Cl. at 593 ("[W]hile inferences may be used to convert 'may' to 'shall' through the interpretive process, these inferences are to be *obvious*."). Whether a statute is money mandating is a question of law we review de novo. *Fisher*, 402 F.3d at 1173.

5 U.S.C. § 5753(b) provides that "[t]he Office of Personnel Management *may* authorize the head of an agency to

pay a [relocation incentive] bonus" to an individual who relocates to accept a position. 5 U.S.C. § 5753(b) (emphasis added). The statute's implementing regulations 5 C.F.R. §§ 575.201–213, contain similar discretionary language, stating, for example, that "[a]n agency *may* pay a relocation incentive." 5 C.F.R. § 575.201 (emphasis added).

Appellants concede that the statute and implementing regulations use discretionary language in empowering the Office of Personnel Management to provide relocation incentive bonuses. Appellants' Reply Br. 1; Oral Arg. at 1:19–1:27, *available at* https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-1678_1104202 1.mp3. But they claim that the combination of the statute and regulations with Department of Justice Human Resources Order 1200.1 (DOJ Plan) is money mandating. We do not agree.

The DOJ Plan uses the same discretionary language as the statute and regulations: "Relocating employees *may* be paid amounts of up to 25 percent of the employee's basic pay . . . at the beginning of the service period, multiplied by the length of his/her service agreement." HR Order DOJ 1200.1 Part 2 ¶ 5 (emphasis added). The discretionary language in the statute creates a strong presumption that the statute is not money mandating, and the discretionary language in the regulations also creates a strong presumption that the regulations are not money mandating. And we see nothing in the Plan that rebuts those presumptions, either individually or in combination.

We reject Appellants' argument that once the government decides to pay a bonus, the "multiplied by" clause of the DOJ Plan mandates multiplication. That clause does not stand by itself, but rather modifies the "amounts" that "*may* be paid." It does not state that the amounts shall or must be multiplied. It merely defines the maximum bonus that the Office of Personnel Management may pay relocating employees. Thus, the "multiplied by" clause does not

rebut the strong presumption that the statute and regulations are not money mandating.

## III

We have considered Appellants' other arguments and find them unpersuasive.  Since the Claims Court correctly dismissed for lack of jurisdiction, we affirm.

**AFFIRMED**